### (November 22, 1971)

■ In the Matter of GLENN P. WALLS, JR., an Attorney, Respondent. NEW YORK STATE BAR ASSOCIATION, Petitioner.— Petitioner, New York State Bar Association, moves to confirm the report of Honorable Julian V. D. Orton, who was assigned to take testimony on the issues in this disciplinary proceeding and to report his findings to the court. Respondent does not oppose the motion. A hearing was held at Cooperstown on July 27, 1971. Respondent appeared with counsel and stipulated that his answer be amended so as to admit all allegations of the petition. Pursuant to permission granted at the hearing, respondent filed a memorandum in mitigation of the admitted misconduct. Respondent, who was admitted to practice as an attorney and counselor at law in this department on May 24, 1960, is charged with professional misconduct in four specifications. Charge 1 alleges that respondent neglected to adequately represent a client in Justice Court on a speeding charge, as a result of which, after numerous adjournments extending over some 15 months, the defendant, who had been directed to appear in person, was found guilty and sentenced. In mitigation, respondent states that his failure to appear was a result of poor judgment and severe personal problems. Charge 2 alleges that respondent refused to refund to a client a portion of a fee, amounting to $125, for services to be rendered in a matrimonial matter which was dropped before

commencement of action because of the parties' reconciliation. In mitigation, respondent states that after having performed certain services, he made concerted efforts to reach an agreement with his client and to return part of the fee, without success; that, because of severe financial problems, he was unable to refund any portion of the fee during the period his client was demanding a refund; and that this charge rests on his financial incapacity at the time, personality conflict with his client and personal problems. Charge 3 alleges that respondent altered an order of revocation of a probationary motor vehicle license issued to his client, and advised the client that despite the fact he had turned in his license he would be legally allowed to drive his automobile, which advice was untrue. Although respondent admitted all allegations of the petition which were denied in the answer, he nevertheless attempts to hedge in his memorandum by stating that as " to the charges involving alteration of the revocation notice, respondent maintains that the same was done without his knowledge or authorization ", conceding, however, that the revocation order was " altered on respondent's typewriter ", and " for this reason, respondent is guilty." Such equivocation in an unsworn memorandum submitted by respondent's counsel may not now be used to dilute the effect of admissions made at the hearing and made presumably for the purpose of avoiding cross-examination. Charge 4 alleges that between 1967 and 1969 respondent registered in his name three motor vehicles owned by the same client and misrepresented to the insurance company that the vehicles were his and would be driven by his brother-in-law. Although respondent denied that the arrangement was made at his suggestion, he admitted that he agreed to, and did, license the vehicles in his own name, as a favor to his client. In further mitigation respondent explains that his delinquencies were the result of a severe drinking problem which in turn caused severe matrimonial and financial difficulties which he is struggling to resolve. In view of the serious nature of the respondent's misconduct, his lack of candor in defending himself against the charges, and the lack of genuine mitigating circumstances, we find respondent guilty of professional misconduct and are of the opinion that a suspension for a period of one year and until further order is an appropriate measure of discipline.
Herlihy, P. J., Reynolds, Staley, Jr., Cooke and Sweeney, JJ., concur.